THE PEOPLE OF THE STATE OF NEW YORK EX REL. NICOLA TREZZA, APPELLANT, v. A. A. BRUSH, AS AGENT AND WARDEN OF THE STATE PRISON AT SING SING, RESPONDENT.

*Murder — solitary confinement during appeal — stay of execution — form of death sentence — Code of Criminal Procedure, sec. 491.*

A prisoner was convicted of murder and was sentenced to death. Pending an appeal he was confined in a State prison in solitary confinement. His conviction having been affirmed, he was resentenced and subjected in said prison to similar confinement.

*Held*, that the second imprisonment was not a violation of section 6, article 1 of the State Constitution, providing that "no person shall be subject to be twice put in jeopardy for the same offense."

That his appeal stayed his execution, and not his confinement; and that whether solitary confinement pending appeal was legal or illegal it was not a ground for the discharge of the prisoner.

That a sentence requiring the warden of a state prison to put one to death "in the mode, manner and way, and at the place by law prescribed and provided" was proper, such mode having been minutely provided by the Code of Criminal Procedure, section 491.

APPEAL by the People of the State of New York, on the relation of Nicola Trezza, from an order entered in the clerk's office of Kings county, on the 8th day of April, 1891, dismissing the writ of *habeas corpus* granted upon the petition of said Trezza, and denying his application for his discharge from imprisonment in the State prison at Sing Sing, and remanding him to the custody of the agent and warden of said prison.

*A. H. Dailey,* for the appellant.

*James W. Ridgway,* district attorney, for the respondent.

BARNARD, P. J.:

The appellant was convicted of murder in the first degree in Kings county, and sentenced to be executed within the week beginning 21st of July, 1890. An appeal was taken and the time fixed for the execution of the appellant passed, by the appeal operating as a stay of execution by law. On the 24th of February, 1891, the conviction was affirmed by the Court of Appeals. On the 6th of March, 1891, the convict was resentenced to death during the week beginning on the 20th of April, 1891, "in the mode, manner and way, and at the place by law prescribed and provided." The prisoner was, pending the appeal, in the State prison at Sing Sing, and upon the second sentence was again taken there. A writ of *habeas corpus* was applied for by him and this application was denied. The prisoner claims that he is entitled to his discharge because he suffers punishment twice in this: that pending the appeal he was kept in solitary confinement, and upon the second sentence he is returned to the same confinement. The point is without foundation even if the solitary confinement pending appeal was improper; it was ended with the second sentence, and no such confinement is legal. The stay of execution in the statute stayed physical death, and it may be that on an application by the convict the solitary confinement might have been ordered to cease as well as the death penalty; but such confinement was not within the provisions of law that a person cannot be convicted or punished twice for the

same crime. The confinement was entirely right. The prisoner was delivered to the warden of the State prison in accordance with law. The stay by the appeal was only of the "execution" until the determination of the appeal. (Code Crim. Pro., § 528.)

The right to detain a convicted murderer in the State prison was not stayed, but the enforcement of the death penalty only, by this section.

The sentence itself was proper. The mode of inflicting death upon the prisoner is minutely provided for by statute. (Code Crim. Pro., § 491; Laws of 1888, chap. 489.)

The sentence was that the execution was to be carried out in the mode, manner and way provided by law for the execution of the sentence. The justification for the death is under the law, and a sentence could not add to the force of the statute so as to protect the warden.

The writ was properly denied, and the order should be affirmed.

PRATT, J., concurred.

Order denying application for writ of *habeas corpus* affirmed, without costs.